UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-168-KDB

| LAMAR CANNADY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| MATTHEW SCHOFIELD, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of the *pro se* Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The *pro se* Plaintiff is a pretrial detainee at the Henderson County Detention Center on a charge of second degree murder by drug distribution.[1] The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983.[2] He names as the sole Defendant Matthew Schofield, the assistant public defender who is representing him in the criminal case. The Plaintiff expresses dissatisfaction with the representation, claiming that counsel is willfully refusing to discharge his duties, and is trying to force him to take a plea.[3] [Doc. 1 at 4]. The Plaintiff seeks $700,000 in damages. [Id.].

## II. STANDARD OF REVIEW

---

[1] See Polk County Superior Court Case No. 22CRS000028; Fed. R. Ev. 201.

[2] The Plaintiff previously brought a § 1983 action against Defendant Schofield in this Court, Case No. 1:23-cv-74-MR. That case was dismissed without prejudice for lack of prosecution.

[3] The Plaintiff raises similar claims in a habeas corpus petition pursuant to 28 U.S.C. § 2241 that is presently pending in this Court, Case No. 1:23-cv-170-MR. In that case, he seeks release on an unsecured bond, a speedy trial, or dismissal of the pending criminal charges.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.   DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Here, the Plaintiff names as the sole Defendant the assistant public defender who is representing him in his pending criminal case. However, "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant

in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). The Plaintiff has failed to claim that he was deprived of a right by a person acting under color of state law, and therefore, the Complaint is subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

Signed: July 27, 2023

Kenneth D. Bell
United States District Judge