UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-168-KDB

| | |
|---|---|
| LAMAR CANNADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW SCHOFIELD, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I.   **BACKGROUND**

The pro se Plaintiff is a pretrial detainee at the Henderson County Detention Center on a charge of second degree murder by drug distribution. [See Doc. 9 at 1, n. 1]. He filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff again names as a Defendant Matthew Schofield, the assistant public defender who is representing him in his criminal case. [Id. at 1-2]. He additionally names as Defendants: Polk County; the Polk County Public Defender's Office; and the Polk County Board of Supervisors. [Id. at 1-3]. He asserts claims under the Fourth, Sixth, Eighth, and Fourteenth Amendments for "right to affective counsel …, cruel & unusual punishment…, right to be free from unreasonable search & seizure …, equal privilege and immunity…, intimidation through

racial discrimination… , [and] due process." [Id. at 3, 14]. For injury, he claims "mental anguish leading to suicidal thoughts, sleep deprivation, spiked blood pressure, nose bleeds, headaches, a prolonged confinement of bondage." [Id. at 14]. He seeks "700,000/ Injunction relief." [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[1]

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v.

---

[1] The Plaintiff's claims are rambling, repetitive, and disorganized. Any claim or argument not specifically addressed in this Order has been considered and rejected.

Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 174-75 (2023).

The Plaintiff again names as a Defendant Matthew Schofield, the assistant public defender who is representing him in his pending criminal case. On initial review of the Complaint, the Court dismissed the Plaintiff's claims against Defendant Schofield because "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." [Doc. 9 at 2-3] (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). The Plaintiff now seeks to avoid this outcome by arguing in the Amended Complaint that Schofield's acts departed from the "traditional functions" of counsel. [Doc. 10 at 12-14]. Specifically, the Plaintiff appears to argue that Defendant Schofield engaged in administrative functions, acted illegally and unethically, allowed the state to influence the representation, and willfully violated Plaintiff's constitutional rights, all of which rendered him a state actor and exposed him to liability under § 1983. [Id.].

First, the Plaintiff argues that counsel was exercising his administrative powers "while performing case management duties" by accepting other cases to maintain a full caseload. [Doc. 10 at 13-14]. Plaintiff argues that this "impaired the time spent on [Plaintiff's] case" and was a "driving force behind ineffective counsel" and the violation of Plaintiff's rights. [Id.]. In Polk County, the Supreme Court indicated that a public defender possibly acts under color of state law "while performing certain administrative and possibly investigative functions." Id., 454 U.S. at 325. However, engaging in basic case management is universal to all attorneys; recognizing such as an administrative function under § 1983 would undermine Polk County entirely. See id. at 326 (prisoner's claim that counsel injured him while acting pursuant to administrative rules and procedures for handling criminal appeals was not a constitutional tort actionable under § 1983;

3

prisoner failed to allege that an administrative policy violated his constitutional rights). The Plaintiff has failed to plausibly allege that counsel engaged in any true administrative action that would render him a state actor for purposes of § 1983.

Next, the Plaintiff claims that counsel acted illegally and unethically by *inter alia* refusing to honor his wishes, failing to obey the court, misleading him, and discriminating against him.[2] [Id. at 12-16]. The Plaintiff's criticisms and disagreement with counsel's representation are, essentially, claims of ineffective assistance of counsel. However, rendering ineffective assistance does not make counsel a state actor for purposes of § 1983. See Briscoe v. LaHue, 460 U.S. 325, 330 n.6 (1983) ("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner …, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.") (quoting Cuyler v. Sullivan, 446 U.S. 335, 342-45 (1980); Polk County, 454 U.S. at 312); see, e.g., Howard v. Sharrett, 540 F.Supp.3d 549, 552-53 (E.D. Va. May 18, 2021) (private attorney who allegedly provided ineffective assistance was not acting under the color of state law, even if the plaintiff suffered a deprivation of his constitutional rights).

The Plaintiff further claims that "the state influenced the attorneys [sic] representation." [Doc. 10 at 16]. As a general matter, a defense lawyer may act under the color of state law if he conspires with a state official. See generally Tower v. Glover, 467 U.S. 914, 920 (1984) (recognizing that defense counsel's conspiracy with state officials to deprive a client of constitutional rights constitutes action under the color of state law). However, the Plaintiff's allegations here are too vague and conclusory to plausibly support such a theory. See generally

---

[2] The Court does not attempt to exhaustively list the Plaintiff's scattershot allegations of counsel's alleged improprieties.

4

Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (to establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right"); Wiggins v. 11 Kew Garden Court, 497 F. App'x 262 (4th Cir. 2012) (general allegations that defendants entered into an agreement, without sufficiently alleging plausible grounds to infer such an agreement, failed to state a § 1983 conspiracy claim).

Finally, the Plaintiff argues that counsel's willful constitutional violations expose him to liability under § 1983. [Doc. 10 at 13]. The Plaintiff cites 18 U.S.C. 242 for the proposition that even individuals who are otherwise immune from suit, such as prosecutors, can be liable for willful constitutional violations. [Id.]. Section 242 of Title 18 is a criminal statute that "provide[s] no basis for civil liability." Mayo v. Rocky Mtn. Police Dep't, No. 5:19-cv-554, 2021 WL 2377344 (E.D.N.C. June 10, 2021) (quoting Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)). Plaintiff's reliance on that statute here is unavailing. As discussed *supra*, counsel's alleged violation of the Plaintiff's constitutional rights does not make him a state actor for purposes of § 1983. See Briscoe, 460 U.S. at 330 n.6.

The Plaintiff has thus failed to state a plausible § 1983 claim against Defendant Schofield and the claims against him are dismissed as frivolous and for failure to state a claim upon which relief can be granted.

The Plaintiff also names as Defendants Polk County, the Polk County Board of Supervisors and the Polk County Public Defender's Office. He claims:

> The Polk County Board of Supervisors and public defenders advocate also fails to properly train on the mentioned above (obligations),[3] and its policy is overachieved by under achievers, linking responsibility to the County of Polk.

---

[3] This appears to refer to Defendant Schofield's ethical obligations and alleged ineffective assistance.

5

Case 1:23-cv-00168-KDB   Document 11   Filed 09/29/23   Page 5 of 8

[Doc. 10 at 15].

As a preliminary matter, the Public Defender's Office is not a "person" acting under color of state law for purposes of § 1983 for the reasons discussed *supra*. See also Hannah v. South Carolina, No. 2:23-cv-1487, 2023 WL 5424242 (D.S.C. May 30, 2023) (dismissing claims against county public defender's office on initial review because it is not a "person" for purposes of § 1983).

Nor do the Plaintiff's vague and conclusory allegations state any plausible basis for § 1983 relief. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk County, 454 U.S. at 326).

A plaintiff can establish the requisite "policy" for Monell liability through a failure to train, if it "reflects a 'deliberate' or 'conscious' choice" to not do so. City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989). Training policy deficiencies can include (1) "express authorizations of unconstitutional conduct," (2) "tacit authorizations" of such unconstitutional conduct, and (3) failures to adequately "prohibit or discourage readily foreseeable conduct in light

of known exigencies of police duty." Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987). No matter which theory is alleged, the plaintiff must point out "a specific deficiency" in training, "rather than general laxness or ineffectiveness in training." Id.; see also, e.g., McDowell v. Grimes, No. GLR-17-3200, 2018 WL 3756727, at *4 (D. Md. Aug. 7, 2018). Second, a plaintiff must establish that the municipality's failure to train showed a "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Connick v. Thompson, 563 U.S. 51, 61, 131 S.Ct. 1350 (2011) (alteration in original). Deliberate indifference is shown if "the need for more or different training is so obvious, and the inadequacy [in training is] so likely to result in the violation of constitutional rights." Harris, 489 U.S. at 390, 109 S.Ct. 1197; accord Jordan by Jordan v. Jackson, 15 F.3d 333, 341 (4th Cir. 1994). Finally, the plaintiff must show that "the officer's conduct resulted from said training," or lack thereof. McDowell, 2018 WL 3756727, at *4 (quoting Jones v. Chapman, No. ELH-14-2627, 2015 WL 4509871, at *18 (D. Md. July 24, 2015)).

The Plaintiff's allusion to improper training is too vague and conclusory to plausibly state a Monell claim, and his apparent reliance on respondeat superior is unavailing. See generally Spell, 824 F.2d at 1390; Burgess, 997 F.3d at 562; Polk County, 454 U.S. at 453-54. The Plaintiff's claims against Polk County, the Polk County Board of Supervisors and the Polk County Public Defender's Office are, therefore, dismissed.

Moreover, to the extent that the Plaintiff seeks to challenge his pretrial custody and/or his pending criminal charges, he may not do so in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus); United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial petitions for writ of habeas corpus are properly

brought under 28 U.S.C. § 2241); Younger v. Harris, 401 U.S. 37, 53 (1971) (a federal court should not interfere with ongoing state criminal proceedings except in extraordinary circumstances).

The Court will dismiss this action with prejudice because the Plaintiff has already amended his complaint once and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: September 29, 2023

Kenneth D. Bell
United States District Judge